**In re BGNX, INC., f/k/a Biogenix, Inc., Debtor.**

**Irving GENNET, Trustee, W. Robert Morrow and Thomas Dyer, Plaintiffs,**

**v.**

**BGNX, INC., f/k/a Biogenix, Inc., and Biogenix, Inc., a Nevada corporation, f/k/a Ruby Metal Mining Corporation, a Nevada corporation, Defendants.**

**Bankruptcy No. 86–0067–BKC–TCB. Adv. No. 87–0016BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

April 23, 1987.

See also, Bkrtcy., 76 B.R. 851.

Robert R. Frank, N. Bay Village, Fla., for debtor.

Joel Aresty, Miami, Fla., for plaintiffs.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE having come on to be heard before me for Trial of the Adversary Complaint on February 18, and March 3, 1987, and the Court having considered the testimony and evidence presented and the Defendants having moved for involuntary dismissal at the close of the Plaintiff's case and being otherwise advised in the premises, the Court finds the following.

## FINDINGS OF FACT

1. The Plaintiff is the duly appointed and acting Trustee for BGNX, INC., the above named Debtor.

2. That the Defendant, BGNX, INC., is the Debtor herein.

3. That the Defendant, BIOGENIX, INC., a Nevada corporation, is subject to the jurisdiction of this Court based upon its position of proponent, a plan of arrangement filed by the said Defendant.

4. That the Debtor did on or about December 20, 1985, exchange the capital stock of one of its subsidiaries, BIOGENIX DIAGNOSTIC CENTERS, INC., ("BDCI") with BIOGENIX, INC.,

5. That said transfer was pursuant to a written contract and conducted pursuant to corporate authority (Exhibit 6).

6. That the valuation for the shares exchanged between the Debtor and BIOGENIX, INC., was reflected in Defendants' Exhibit 11.

7. That the transfer of the capital stock by the Debtor to BIOGENIX, INC., was for fair and adequate consideration.

8. That the Plaintiff has failed to prove from the testimony and the evidence that the Defendants were guilty of fraud.

9. The Trustee argued that this adversary proceeding was filed under section 548(a)(1) and (2) of the Bankruptcy Code, 11 U.S.C. § 548(a)(1) and (2). That under section 548(a)(1), if a transfer is made with the requisite actual intent, fair consideration is immaterial. *See Freeman v. Swink*, 261 F.2d 84 (4th Cir.1958); *Lovett v. Faircloth (In re Lilly)*, 10 F.2d 301 (5th Cir.1925), *cert. denied*, 270 U.S. 659, 46 S.Ct. 355, 70 L.Ed. 785 (1926); *McGraw v. Allen (In re Bell & Beckwith)*, 64 B.R. 620 (Bankr.N.D. Ohio 1986), and, the defendant-transferee bears the burden to show that it gave value and did so in good faith. *See* 11 U.S.C. § 548(c); *McGraw*, 64 B.R. 620.

In presenting his proof, the Trustee sought to establish "badges of fraud" incorporated in the Uniform Fraudulent Transfer Act as factors for the Court to consider in determining the existence of actual intent to hinder, delay or defraud creditors. Those "badges of fraud" in the Code are:

(1) A transfer or obligation to an insider.

(2) The debtor retained possession or control of the property transferred after the transfer.

(3) The transfer was concealed.

(4) Before the transfer was made, the debtor had been sued or threatened with suit.

(5) The transfer was essentially all of the Debtor's assets.

(6) The debtor absconded.

(7) The debtor removed or concealed assets.

(8) The value of any consideration received by the debtor was not reasonably equivalent to the value of the assets transferred.

(9) The debtor was insolvent or became insolvent shortly after the transfer was made.

(10) The transfer occurred shortly before or after substantial debt was incurred.

(11) The debtor transferred the essential assets to the lienor who transferred the assets to an insider of the debtor.

Utilizing this list, the Trustee contended that the evidence established.

(1) The transfer of BDCI/HPSI to Biogenix-Nevada was to an insider because Biogenix-Nevada was the parent of the Debtor.

(2) The transfer was concealed wherein two of the three directors failed to disclose the transfer of BDCI/HPSI to the third director.

(3) The Debtor removed assets in transferring BDCI/HPSI.

(4) The value the Debtor received was not reasonably equivalent to the value of the asset transferred in that the Debtor received only stock of Biogenix-Nevada which had neither a market nor a value, in exchange for BDCI/HPSI which was an income-producing asset of value.

(5) The Debtor was insolvent at the time of the transfer of BDCI/HPSI and the receipt of Biogenix-Nevada stock by the Debtor did not render the Debtor solvent.

The Court disagrees. The Court finds only that:

(1) The transfer was to an insider.

(2) That there was a question of debtors solvency at the time of the transfer but that the transfer did not render the debtor insolvent because the debtor received reasonably equivalent value for the transfer.

The Trustee argued that the burden was placed on the Defendant/Transferee to produce sufficient evidence of an exchange of reasonably equivalent value and good faith as an affirmative defense under section 548(c), 11 U.S.C. § 548(c), to the Trustee's section 548(a)(1) action.

The Court, as indicated finds that reasonably equivalent value was paid.

Alternatively, the Trustee argued that under section 548(a)(2), the Debtor was insolvent at the time of the transfer and did not receive reasonably equivalent value in exchange for the transfer of BDCI/HPSI in that the Debtor received only worthless stock of the transferee, Biogenix-Nevada. The Court did not accept this argument or the testimony of Harold Rumph, regarding the value of the stock which was transferred.

## CONCLUSIONS OF LAW

The Court therefore concludes that the Plaintiff has failed to prove that the Defendants participated in fraudulent conduct pursuant to § 548 et seq. of the Bankruptcy Code. The Court found the complexity of the securities transactions engaged in by the Debtor and its associates to be mind boggeling and to have all the appearances of a shell game. The Court allowed the Trustee every opportunity to prove its case, including reopening of the evidence after the Plaintiff/Trustee had rested. In spite of the smell, the Plaintiff did not offer sufficient evidence to carry Plaintiffs burden of proof and Defendant offered meager, but adequate proofs on its burdens.

Accordingly, this cause is hereby dismissed with prejudice each party to bear their own costs.